UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD GUS ALLEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOE A. LIZARRAGA, Warden,<br><br>　　　　Respondent. | Case No.  5:15-cv-04387-EJD<br><br>**ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY PETITION FOR HABEAS CORPUS**<br><br>Re: Dkt. No. 7 |

　　　　Petitioner Donald Gus Allen ("Petitioner") is presently serving a term of 157 years to life after being convicted of several crimes in Del Norte Superior Court. He is currently incarcerated at Mule Creek State Prison. Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition") in this court on September 24, 2015. He now moves for a "stay and abey" order under Rhines v. Weber, 544 U.S. 269 (2005), or for an order staying the Petition and dismissing unexhausted claims under King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). This motion is unopposed.

　　　　Having carefully reviewed the record and considered the written and oral arguments of counsel, the court finds, concludes and orders as follows:

　　　　1.　　"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To meet this requirement, the prisoner must "fairly present" the factual and legal bases for each claim to the state's highest court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) ("The rule of exhaustion requires that a habeas petitioner 'fairly

1

present' his federal claims to each appropriate state court.").

2. Generally, a federal district court must dismiss a habeas petition containing any claim as to which state remedies have not been exhausted - a so-called "mixed petition." See Rose v. Lundy, 455 U.S. 509, 522 (1982). Alternatively, the district court may deny a meritless petition that includes unexhausted claims (28 U.S.C. § 2254(b)(2)), or may stay a mixed petition to allow for complete exhaustion. Rhines, 544 U.S. at 277.

3. The district court's discretion to stay a mixed petition is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the purpose of which legislation is to reduce delay in the execution of criminal sentences and encourage petitioners to seek relief in the state courts before filing their claims in federal court. Id. at 275-76. Because a stay has the potential to undermine these dual purposes of AEDPA, its application is only appropriate where the district court has first determined there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. at 277.

4. Petitioner admits in the instant motion that the Petition is mixed; it contains exhausted and unexhausted claims. The latter category of claims is presently the subject of a habeas petition filed in Del Norte Superior Court.

5. "Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." Wooten, 540 F.3d at 1023.

6. "[G]ood cause does not require a showing of 'extraordinary circumstances.'" Blake v. Baker, 745 F.3d 977, 981 (9th Cir. 2014). Instead, its existence "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" a failure to exhaust. Id. at 982. Consequently, "unspecific, unsupported excuses for failing to exhaust - such as unjustified ignorance," cannot satisfy the good cause requirement. Id. at 981.

2
Case No.: 5:15-cv-04387-EJD
ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY PETITION FOR HABEAS CORPUS

7. Petitioner argues that good cause exists because, in this context, he could not have known about the unexhausted claims until habeas counsel was appointed to investigate any potential relief. Because the unexhausted claims involve the ineffective assistance of his trial and appellate attorneys, the court agrees with Petitioner.

8. As to the second element of the Rhines test, the court observes that "plainly meritless" claims do not justify a stay, even when a petitioner has shown good cause. Rhines, 544 U.S. at 277. But here, the court cannot say that Petitioner's unexhausted claims are "plainly meritless" in light of the arguments made in the Petition. In this case, such a determination can only be accomplished after the court receives a response to the Petition on its merits.

9. As to the third element, nothing in the record suggest Petitioner has engaged in "dilatory litigation tactics."

Because Petitioner has satisfied his burden under Rhines, the request to stay the case and hold the Petition is abeyance is GRANTED, and the court need not address Petitioner's request for alternative relief. This case is STAYED pending final resolution of all proceedings related to the habeas corpus petition filed in Del Norte Superior Court on September 16, 2015, including any appeals or petitions for review. The Clerk shall ADMINISTRATIVELY CLOSE this file.

So that the ongoing appropriateness of the stay can be monitored, Petitioner shall submit a brief report which describes the status of the state habeas proceedings on **June 3, 2016**, and continuing every four months thereafter. Furthermore, within 10 days of the final resolution of the state proceedings, Petitioner shall file a notice informing the court of such development and request that this matter be reopened.

**IT IS SO ORDERED.**

Dated: February 5, 2016

EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:15-cv-04387-EJD
ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY PETITION FOR HABEAS CORPUS