1  XAVIER BECERRA
   Attorney General of California
2  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
3  HANNA CHUNG
   Deputy Attorney General
4  State Bar No. 289322
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA 94102-7004
    Telephone: (415) 703-1610
6   Fax: (415) 703-1234
    E-mail: Hanna.Chung@doj.ca.gov
7  *Attorneys for Respondents*

GRANTED
Judge Edward J. Davila
11/8/2017

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **DONALD GUS ALLEN,** | 5:15-cv-04387-EJD |
| Plaintiff, | **MOTION TO AMEND ANSWER; SUPPLEMENTAL EXHIBITS** |
| v. | |
| **JOE A. LIZARRAGA, Warden,** | |
| Respondent. | |

Respondent hereby moves to amend the answer to include an argument that Claim II is procedurally defaulted, Fed.R.Civ.P. 15(a), and also provides two additional exhibits that are relevant to the resolution of the petition. Rules Governing Section 2254 Cases, Rule 5.

Respondent was not previously in possession of the state superior court habeas petition filed on September 16, 2015, or the superior court's written decision issued January 4, 2016. Habeas counsel recently provided us copies of those documents, which we have attached as Exhibits 16 and 17.[1] As the superior court's order is the last reasoned state court opinion to

---

[1] We do not believe petitioner will be prejudiced by this amendment, as habeas counsel represented petitioner in the superior court proceeding. We have no objection if counsel wishes
(continued…)

1

address Claims I-V in the answer and memorandum, this Court may look through to this opinion to conclude that the state court's decision did not contravene clearly established Supreme Court precedent on federal constitutional law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991) (directing federal courts to look through a state supreme court's summary denial by examining the last reasoned state-court decision to address the issue).

The superior court's order rejected petitioner's claims on the merits for reasons similar to those already offered in the memorandum to the answer in this case. Respondent now seeks to amend the answer to include the following additional argument on Claim II. The superior court also rejected the claim concerning Baxter's alleged vouching on grounds of forfeiture, given that no objection was made at trial or raised on direct appeal. Ex. 17 at 5–6. For reasons of comity, the federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal ground and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

The federal courts have recognized that California's contemporaneous objection rule, which is codified at Cal. Evidence Code § 353, constitutes a valid procedural default. *See Fairbank v. Ayers*, 650 F.3d 1243, 1256 (9th Cir. 2011) ("California consistently applies its contemporaneous objection rule when a party fails to object to the admission of evidence."). Moreover, the United States Supreme Court has also acknowledged that California's forfeiture rule for failure to raise an issue on direct appeal is a valid procedural default. This procedural ground for denying a claim is often called the *Dixon* bar, after *In re Dixon*, 41 Cal.2d 756 (1953). In *Johnson v. Lee*, 136 S.Ct. 1802, 1805–06 (2016) (per curiam), the Supreme Court held that California's *Dixon* bar constitutes a valid procedural default that precludes federal habeas review. Thus, unless petitioner can show cause and prejudice or a miscarriage of justice, Claim II is procedurally defaulted and must be dismissed.

---

(…continued)
to file a supplemental traverse addressing the procedural default argument.

| | | |
|---|---|---|
| Dated: July 19, 2017 | | Respectfully submitted, |
| | | XAVIER BECERRA<br>Attorney General of California<br>PEGGY S. RUFFRA<br>Supervising Deputy Attorney General |
| | | */s/ Hanna Chung* |
| | | HANNA CHUNG<br>Deputy Attorney General<br>*Attorneys for Respondents* |

SF2017401332
21002583.doc